UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MERCOLA, as Trustee of the Joseph M. | ) | |
| Mercola Declaration of Trust, JANET SELVIG, as Trustee | ) | |
| of the Mercola Insurance Trust, and MERCOLA.COM | ) | 14 C 8170 |
| HEALTH RESOURCES, LLC, | ) | |
| | ) | Judge Feinerman |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MOSTAFA ABDOU, MARK ZIEBOLD, and THE | ) | |
| KOENIG GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Joseph Mercola (along with his sister and his company, whose presence can be ignored) alleges that Mostafa Abdou (an insurance broker), Mark Ziebold (an attorney), and The Koenig Group, LLC (Abdou's employer) hoodwinked him into purchasing premium financed life insurance policies, costing him more than $3 million. Doc. 1. The court recently denied Abdou's and Ziebold's motions to dismiss on statute of limitations grounds. Docs. 59-60 (reported at 2015 WL 3545414 (N.D. Ill. June 5, 2015)). Koenig has moved to dismiss Count 1 of the complaint—the only count naming it as a defendant, for breach of fiduciary duty. Doc. 47. Koenig's motion is denied.

Mercola's allegations are recounted in the court's previous opinion. 2015 WL 3545414, at *1-2. Koenig first argues that Mercola's claims are untimely. Doc. 48 at 5-7. For the reasons given in the court's previous ruling, this argument fails. 2015 WL 3545414, at *3.

Koenig's other argument is that a provision of the Illinois Insurance Placement Liability Act ("IPLA"), 735 ILCS 5/2-2201(b), precludes civil actions for breach of a fiduciary duty related to the sale of insurance. Doc. 48 at 7-8. That section reads in full:

> No cause of action brought by any person or entity against any insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer, registered firm, or limited insurance representative to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer, registered firm, or limited insurance representative of any money that was received as premiums, as a premium deposit, or as payment of a claim.

735 ILCS 5/2-2201(b).  Section 2-2201(b) provides insurance producers an "automatic exemption from liability for breaches of fiduciary duty."  *Mizuho Corp. Bank (USA) v. Cory & Assocs., Inc.*, 341 F.3d 644, 652 (7th Cir. 2003) (Illinois law).  An "insurance producer" is simply any "person required to be licensed to sell insurance," *Skaperdas v. Country Cas. Ins. Co.*, 28 N.E.3d 747, 757 (Ill. 2015), and Mercola does not dispute that Koenig is an insurance producer, Doc. 52.

But there is an exception to the statutory exemption "when the [defendant's] conduct … involves the wrongful retention or misappropriation … of any money that was received" by the defendant.  735 ILCS 5/2-2201(b).  Mercola argues that Koenig's actions fall into this exception.  Doc. 52 at 8-10.  His reasoning is that Koenig, by procuring insurance coverage that was not in Mercola's best interests, "misappropriat[ed]" the premiums that Mercola paid for those policies.  But the duty to pursue a client's best interests is a *fiduciary* duty—and the whole point of § 2-2201(b) is to *avoid* imposing a fiduciary duty on insurance producers.  Yet Mercola in effect argues that because Koenig allegedly breached a fiduciary duty to him (by purchasing suboptimal insurance coverage), it no longer enjoys the statutory exemption from liability for … breach of a fiduciary duty.  One might be forgiven for considering Mercola's argument circular—"you cannot sue an insurance producer for breach of fiduciary duty, unless the alleged

conduct breaches a fiduciary duty"—and for suspecting that, under his view, the exception completely swallows the rule.

Yet Mercola's position finds support in *DOD Technologies v. Mesirow Insurance Services, Inc.*, 887 N.E.2d 1 (Ill. App. 2008), which holds:

> According to the complaint, these undisclosed incentives caused defendant to refer business to a paying insurer even if the policy and rates quoted by that insurer were not the most advantageous for the customer. We note that a court interpreting a statute will assume that the legislature did not intend an unjust result; the placement of policies that are not the most advantageous for the consumer is most certainly unjust. We hold that the placement of policies with companies that were not the most advantageous for the consumers constitutes "the wrongful … misappropriation" of money received as premiums.

*Id*. at 8 (citation omitted, ellipses in original). Koenig argues that *DOD Technologies* is distinguishable because it involved "undisclosed incentives" (a genteel term for kickbacks), which are not alleged here. Doc. 53 at 3-4. But as the quoted passage indicates, the rule set forth in *DOD Technologies* governs far more than cases alleging kickbacks. Indeed, *DOD Technologies* specifically noted that "[i]t is *not* the undisclosed incentives that constitute misappropriation." 887 N.E.2d at 8 (emphasis added). Rather, a "plaintiff comes within the exception in section 2-2201(b) by alleging in its complaint that defendant misappropriated certain premiums by placing them with an insurer when the placement was not in the best interest of the consumer." *Ibid*. That is exactly what Mercola alleges that Koenig did.

The Supreme Court of Illinois has not directly addressed whether § 2-2201(b)'s "misappropriation" exception encompasses the purchasing of a suboptimal insurance policy. It follows that this court may deviate from *DOD Technologies*, an intermediate state appellate court case, "only when there are persuasive indications that the [state supreme court] would decide the [issue] differently from the decision of the intermediate appellate court." *Commonwealth Ins. Co. v. Stone Container Corp.*, 323 F.3d 507, 509 (7th Cir. 2003) (quoting *Allstate Ins. Co. v.*

*Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002)). But Koenig argues only that *DOD Technologies* is distinguishable (which it isn't), not that there are persuasive indications that the Supreme Court of Illinois would decide the issue differently than *DOD Technologies* did. Doc. 53 at 3-4. Any such argument is therefore forfeited for purposes of this motion to dismiss. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("[T]he forfeiture doctrine applies not only to a litigant's failure to raise a general argument … but also to a litigant's failure to advance a specific point in support of a general argument.").

Given this disposition, it is unnecessary to reach Mercola's alternative argument that the IPLA's exemption does not apply because premium financed life insurance involves complicated financing arrangements in addition to the sale of the policy itself. Doc. 52 at 10-11.

## Conclusion

For the foregoing reasons, Koenig's motion to dismiss is denied. It shall answer the complaint by August 11, 2015.

July 21, 2015

_____
United States District Judge