IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MERCOLA, D.O., as Trustee of the Joseph M. Mercola Declaration of Trust; JANET SELVIG, as Trustee of the Mercola Insurance Trust; and MERCOLA.COM HEALTH RESOURCES, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>MOSTAFA ABDOU; MARK ZIEBOLD; and THE KOENIG GROUP, LLC,<br><br>      Defendants.<br>_____<br><br>MOSTAFA ABDOU; MARK ZIEBOLD; and THE KOENIG GROUP, LLC,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>MICHAEL A. PASSANANTI, individually and as agent of DUGGAN BERTSCH, LLC; DUGGAN BERTSCH, LLC; ANDREW BENNETT, individually and as agent of AXA ADVISORS, LLC; and AXA ADVISORS, LLC d/b/a Business Strategies Group of Illinois,<br><br>      Third-Party Defendants. | Case No. 1:14-cv-8170<br><br>Honorable Gary Feinerman |

**THIRD-PARTY DEFENDANTS MICHAEL A. PASSANANTI AND DUGGAN BERTSCH'S ANSWER TO THE KOENIG GROUP, LLC'S THIRD-PARTY COMPLAINT FOR CONTRIBUTION**

NOW COMES Third-Party Defendants MICHAEL A. PASSANANTI ("Passananti") and DUGGAN BERTSCH, LLC ("Duggan Bertsch"), by and through their attorneys, PETER SULLIVAN and MATTHEW CANNA of

9

131578379v1 0987230

Hinshaw & Culbertson LLP and for their Answer to The Koenig Group, LLC ("Koenig")'s Third Party Complaint for Contribution, states the following:

## NATURE OF THE CASE

1. This action arises from a Complaint filed by Plaintiffs against Defendant Koenig alleging breach of fiduciary duty and negligent misrepresentation.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit the allegations contained in paragraph 1.

2. Plaintiffs allege that they incurred in excess of $3 million in losses as a result of Defendant Koenig's negligence and breaches of its fiduciary duty.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs.

3. Defendant Koenig files this Third-Party Complaint for Contribution pursuant to 740 ILCS 100/2(a) against Third-Party Defendants on the basis that they are liable in tort for the same injuries alleged to be suffered by Plaintiffs.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that Third Party Plaintiff is attempting to allege contribution pursuant to 740 ILCS 100/2(a), but deny any such liability.

## PARTIES

4. Dr. Mercola has alleged in Plaintiffs' First Amended Complaint at Law that he is currently a domiciliary and citizen of the State of Illinois. Dr. Mercola has alleged he is a doctor of osteopathic medicine (D.O.) and is one of the leading natural health practitioners in the United States. Dr. Mercola has alleged he is the trustee of the Joseph M. Mercola Declaration of Trust.

131578379v1 0987230

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs. Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

5. Janet Selvig, Dr. Mercola's sister, is an individual who is, and at all relevant times has been, a domiciliary and citizen of the State of Illinois. Ms. Selvig is the trustee of the Mercola Insurance Trust.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit Ms. Selvig is Dr. Mercola's sister. The Mercola Insurance Trust is no longer in existence. Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

6. Mercola.com is a Delaware limited liability company with its principal place of business in Illinois. Mercola.com is owned 99% by Dr. Mercola and 1% by Ms. Selvig, and thus Mercola.com is a citizen of the State of Illinois. Dr. Mercola is the principal manager of Mercola.com.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit Dr. Mercola owns 99% of Mercola.com Health Resources, LLC, but deny that he is the principal manager of said business. Third Party Defendants Passananti and Duggan Bertsch deny Ms. Selvig owns 1% of Mercola.com Health Resources, LLC. Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

131578379v1 0987230

7. Mou Abdou is, and at all relevant times has been, a domiciliary and citizen of the State of California. Abdou is an insurance broker who sells policies from various insurance carriers, including Minnesota Life.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

8. Mark Ziebold, is a domiciliary and citizen of the State of California, and is an attorney licensed to and practices in the State of California.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

9. Defendant and Third-Party Plaintiff, The Koenig Group, LLC is a Maryland limited liability company. Koenig is a citizen of Maryland. Koenig provides financial planning and insurance services.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

10. Third-Party Defendant, Michael A. Passananti, is a domiciliary and citizen of the State of Illinois, and is an attorney licensed to and practices in the State of Illinois. Mr. Passananti is, and at all relevant times has been, a member, employee and/or agent of Co-Third- Party Defendant, Duggan Bertsch, LLC.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit the allegations in paragraph 10.

11. Third-Party Defendant, Duggan Bertsch, LLC, is a law firm and a limited liability company domiciled in Illinois, located at 303 West Madison, 10th floor, Chicago, Illinois 60606.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit the allegations contained in paragraph 11.

12. Third-Party Defendant, Andrew Bennett, is a domiciliary and citizen of the State of Illinois. Mr. Bennett is an insurance broker who provides financial advisement services and sells insurance policies to individuals and entities on behalf of AXA Advisors, LLC. Mr. Bennett is, and at all relevant times has been, an employee and/or agent of Co-Third-Party Defendant, AXA Advisors, LLC.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

13. Third-Party Defendant, AXA Advisors, LLC, is a limited liability company that currently and at all relevant times hereto conducted business in Illinois. AXA Advisors, LLC is registered in Delaware and registered as a foreign LLC in Illinois.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph..

## JURISDICTION AND VENUE

14. This Honorable Court retains jurisdiction over this matter pursuant to Diversity Jurisdiction, 28 U.S.C. §1332(a)(l), because the present matter is a civil action where the matter is controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, and all third-party actions pursuant to Supplemental Jurisdiction, 28 U.S.C.

§ 1367(a), because this Third-Party Complaint arises from the same set of facts and are so related to the claims set forth by the parties in the underlying action, for which original jurisdiction exists, that they form part of the same case and/or controversy.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit the allegations contained in paragraph 14.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, because a substantial part of the actions and transactions at issue occurred within the Northern District of Illinois.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit the allegations contained in paragraph 15.

## FACTS COMMON TO ALL COUNTS

16. Plaintiffs allege in their First Amended Complaint that Dr. Mercola, on January 7, 2010, entered into a relationship with Abdou regarding proposed life insurance policies.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs.

17. Plaintiffs allege that Abdou represented to Dr. Mercola that Dr. Mercola was the perfect candidate for premium financed life insurance.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs.

18. Plaintiffs allege Dr. Mercola agreed to participate in the premium financed life insurance arrangement recommended by Abdou, Koenig's alleged employee, and purchased four premium financed life insurance policies from Minnesota Life Insurance in the period August 1, 2010 through November 19, 2010.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs.

19. Plaintiffs allege that the recommended premium financed life insurance as part of Dr. Mercola's estate planning was unsuitable for his goals.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs.

20. Among other allegations, Plaintiffs allege that Koenig, through Abdou, breached its fiduciary duty to Plaintiffs and made negligent misrepresentations to Plaintiffs by recommending the premium financed life insurance as part of Dr. Mercola's estate planning.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs.

21. Plaintiffs allege that as a result of Koenig's breach of its fiduciary duty and negligent misrepresentations, Dr. Mercola, on or around February 28, 2014, elected to surrender all four Minnesota Life Policies and repay the Northern Trust loans used to finance the premiums for the policies.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs.

22. Plaintiffs allege that as a result of the surrenders, Dr. Mercola suffered damages in excess of $3 million.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit that is what is alleged by Plaintiffs.

131578379v1 0987230

23. On or about October 2013, Dr. Mercola retained Andrew Bennett (Insurance Broker) and AXA Advisors, LLC, to advise him regarding his existing premium financed life insurance policies.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

24. On or about November 2013, Dr. Mercola retained the law firm of Duggan Bertsch LLC, and partner Michael Passananti, to advise him regarding the existing premium financed life insurance implemented as part of Dr. Mercola's estate planning.

**ANSWER:** Passananti and Duggan Bertsch admit that in about November of 2013 they were retained by Dr. Mercola and certain Mercola owned entities. Passananti and Duggan Bertsch deny the remaining allegations contained in paragraph 24.

25. In early December 2013, Michael Passananti and Andrew Bennett agreed to be part of Dr. Mercola's "Financial Advisory Team" and provided consultation and advice to Dr. Mercola regarding his existing premium financed life insurance policies.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch deny the allegations contained in paragraph 25. The scope of Third Party Defendants' representation is outlined by the fee agreements with their clients.

26. As a result of Passananti's and Bennett's legal and financial advice to Dr. Mercola regarding his existing premium financed life insurance policies, Dr. Mercola elected to prematurely surrender the four Minnesota Life Policies, incurring the losses alleged to be in excess of $3 million.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch deny the allegations contained in paragraph 26.

27. Following Dr. Mercola's surrender of the Minnesota Life policies, Andrew Bennett and AXA Advisors, LLC recommended that Dr. Mercola purchase new life insurance policies from AXA Advisor LLC's affiliated companies, AXA Equitable Life Insurance Company and MONY Life Insurance Company of America. Dr. Mercola purchased these new policies to the benefit of Andrew Bennett, AXA Advisors, LLC, AXA Equitable Life Insurance Company and MONY Life Insurance Company of America.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT I: Contribution Action
## Koenig v. Andrew Bennett and AXA Advisors, LLC

Count I of Koenig Group's Third Party Complaint for Contribution is not directed at Third Party Defendants MICHAEL A. PASSANANTI and DUGGAN BERTSCH, LLC, and therefore Passananti and Duggan Bertsch make no answer thereto. To the extent any of the allegations contained in Count I may be construed to be directed to MICHAEL A. PASSANANTI and DUGGAN BERTCH, LLC, they deny said allegations.

## COUNT II: Contribution Action
## Koenig v; Michael A. Passananti and Duggan Bertsch, LLC

33. Third-Party Plaintiff Koenig incorporates by references paragraphs 1 through 27 as though fully restated herein.

17

131578379v1 0987230

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch restate and incorporate their answers to paragraphs 1 through 27 herein as their answer to paragraph 33, as though fully set forth herein.

34. Michael Passananti, while acting as a member, employee, and/or agent of Duggan Bertsch LLC, owed a duty of care to Dr. Mercola and breached the standard of care in the advice rendered to Dr. Mercola regarding the exiting premium finance insurance policies and regarding available alternative options relating to that insurance.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch admit they owed a duty of care to Dr. Mercola but deny the remaining allegations in paragraph 34.

35. The negligent advice rendered by Mr. Passananti led to Dr. Mercola's decision to prematurely surrender the four Minnesota Life Policies, incurring the losses alleged to be in excess of $3 million.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch deny the allegations contained in paragraph 35.

36. In the event that Defendant/Third-Party Plaintiff Koenig is found liable to Plaintiffs (liability for which this Defendant denies) and is required to pay more than its pro rata share of liability pursuant to Plaintiffs First Amended Complaint (or subsequent Amended Complaints), then Defendant/Third Party Plaintiff Koenig is entitled to recover from Third-Party Defendants by way of contribution such an amount as is commensurate with the relative degree of culpability or fault attributable to it.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch deny the allegations contained in paragraph 36.

131578379v1 0987230

37. This Defendant's potential liability to Plaintiffs and Third-Party Defendants' Michael A. Passananti and Duggan Bertsch, LLC potential liability to Plaintiffs arise out of the same injuries Plaintiffs claim to have suffered in the First Amended Complaint.

**ANSWER:** Third Party Defendants Passananti and Duggan Bertsch deny the allegations contained in paragraph 37.

WHEREFORE, Third-Party Defendants Passananti and Duggan Bertsch, respectfully request this Court deny Third Party Plaintiff THE KOENIG GROUP, LLC's claims and grant judgment in their favor, and any and all other relief this Court deems just.

                HINSHAW & CULBERTSON LLP.

By: *s/s Matthew J. Canna*
    Matthew J. Canna # (6281118)
    222 North LaSalle, Suite 300
    Chicago, Illinois 60601
    Tel: 312-704-3000
    Fax: 312-704-3001
    mcanna@hinshawlaw.com
    Attorneys for Third Party Defendants
    Michael A. Passananti and Duggan Bertsch

## CERTIFICATE OF SERVICE

    I, the undersigned attorney, certify that a true and correct copy of the foregoing document was filed on January 13, 2017 with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the parties of record as set forth in the Service List below.

*s/s Matthew J. Canna*
Matthew J. Canna

131578379v1 0987230

Mercola et al. v. Abdou et al.
Court No. 1:14-cv-8170

**SERVICE LIST**

| **Attorneys for Plaintiff**<br>Brad S. Grayson<br>Olivia St. Clair Long<br>Benjamin N. Feder<br>Strauss & Malk, LLP<br>135 Revere Drive<br>Northbrook, IL 60062<br>(847) 562-1400<br>bgrayson@straussmalk.com<br>olong@straussmalk.com<br>bfeder@straussmalk.com | **Attorneys for Mostafa Abdou**<br>Joseph M. Aliberti<br>4340 Von Karman Avenue, Suite 110<br>Newport Beach, CA 92660<br>(949) 724-0550<br>(949) 743-5858 (fax)<br>jma@alibertilaw.com |
|---|---|
| **Attorneys for Mostafa Abdou**<br>David A. Baugh<br>David R. Carlson<br>Baugh Dalton, LLC<br>135 S. LaSalle Street, Suite 2100<br>Chicago, IL 60603<br>(312) 759-1400<br>(312) 759-0402 (fax)<br>dbaugh@baughdaltonlaw.com<br>dcarlson@baughdaltonlaw.com | **Attorneys for The Koenig Group, LLC**<br>Tia C. Ghattas<br>David L. Sanders<br>Cozen & O'Conner<br>123 North Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>(312) 382-3100<br>(312) 382-8910 (fax)<br>tghattas@cozen.com<br>dsanders@cozen.com |
| **Attorneys for Third Party Defendants AXA Advisors, LLC**<br>James R. Ferguson<br>Mayer Brown LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 701-7282<br>(312) 706-8421 (fax)<br>jferguson@mayerbrown.com | **Attorneys for Third Party Defendant Andrew Bennett**<br>Brian J. Riordan<br>Joshua M. Wolkomir<br>Clausen Miller P.C.<br>10 South LaSalle Street<br>Chicago, IL 60603<br>(312) 855-1010<br>briordan@clausen.com<br>jwolkomir@clausen.com |
| **Attorneys for Defendant Mark Ziebold**<br>Patricia M. Noonan<br>HeplerBroom LLC<br>221 N. LaSalle Street, Suite 2300<br>Chicago, IL 60601<br>Patricia.Noonan@heplerbroom.com | |

131578379v1 0987230